JUSTICE GRAY,
concurring in part and dissenting in part.
As far as it goes, I concur in the Court’s discussion on issue III. As to issues I and II, I respectfully dissent. Given the remedial nature of mortgage redemption statutes, I agree that substantial compliance should be sufficient to effect a redemption in a mortgage foreclosure action. I do not agree, however, that FmHA was in substantial compliance with the redemption statutes at issue in this case.
*517 The Court’s analysis and resolution of issue I focuses almost totally on what Savoy did or did not do in response to FmHA’s attempt to redeem. That focus is entirely inappropriate; the issue is whether FmHA substantially complied with statutory requirements, not whether or how Savoy responded. On that issue, I strenuously disagree with the Court’s analysis and result. I note in this regard that the Court does not even bother to analyze the “substantial compliance” question, but goes directly to the “prejudice” question. I submit that even the Loosley language on which the Court relies does not validate such an approach, but clearly requires the “substantial compliance” analysis to precede any “prejudice” analysis; only where substantial compliance has been established — as is not the case here, in my view — can a court proceed to a prejudice analysis. Instead, the Court here approaches the case backwards by using a lack of prejudice to itself establish substantial compliance.
Insofar as is relevant here, § 25-13-807, MCA, required FmHA to produce to the person from whom redemption is sought 1) a certified copy of the judgment or of the docket of the judgment; 2) a certified note of the record of the mortgage; and 3) an affidavit showing the amount actually due. The Court concedes that only one of these requirements was met. It then may have concluded, without so stating, that meeting one of three applicable statutory requirements constitutes “substantial compliance.” In doing so, the Court totally— and inappropriately — vitiates the statutory requirements. I cannot agree.
Moreover, the Court’s focus on Savoy’s actions or inactions also is inappropriate. It results in this Court telling redemptioners they need not comply with mandatory statutory provisions, in hopes that a party protesting the redemption will not meet judicially created and imposed standards. For example, the Court notes that Savoy’s protest did not specify the bases under § 25-13-807, MCA, for the protest. The Court conveniently fails to cite to any authority requiring such a specification of the bases for a protest; in addition, the Court’s conclusion that the statutory requirements were not met by FmHA— on the face of it — hardly lends support to the notion that the failure to specify bases for the protest is somehow relevant here.
The Court also dwells on a variety of other omissions by Savoy— none of which is statutorily based — in order to support its resolution of this issue. It suggests that Savoy had some obligation to check property records and telephone around in order to find for himself the information the statute required FmHA to provide to him. The effect *518 is to shift a clear statutory burden from the redemptioner to the person from whom redemption is sought. In essence, the Court has either totally rewritten § 25-13-807, MCA, or has decided to judicially repeal that statute. We are not free to do either. See §§ 1-2-101 and -102, MCA.
For these reasons, and others about which a lengthy recitation of the multitude of defects in the redemption procedures used here would serve little purpose other than to give the Court’s opinion more precedential effect, I dissent. I would reverse the District Court.
JUSTICE NELSON and JUSTICE TRIEWEILER join in the foregoing concurring and dissenting opinion of JUSTICE GRAY.